UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 95-cr-14025-BLOOM

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

CHARLES E. STOKES,

      Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon the Defendant Charles Stokes' ("Defendant")

Motion for Modification of Sentence Pursuant to 18 U.S.C. 3582(c)(2) and Request for

Appointment of Counsel ("Motion"), ECF No. [118].   The Court has reviewed the Motion, the

supporting and opposing briefs, the record and applicable law and is otherwise fully advised.

### I.   BACKGROUND

On November 9, 1995, a federal grand jury indicted the Defendant with a single count of

possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1).   ECF No.

[1] ("Indictment").   The Indictment alleged that the Defendant knowingly and intentionally

possessed with the intent to distribute a "Schedule II narcotic controlled substance, that is a mixture

and substance containing a detectable amount of cocaine in the form of cocaine base."   ECF No.

[1], at 1.   The Indictment, however, did not specify the amount of cocaine base that the Defendant

was being charged with possessing.   *See Generally, Id.*   On February 5, 1996, the United States

filed a Notice of Previous Conviction Information, notifying the Defendant of the Government's

intention to seek an enhanced punishment due to the Defendant's three prior felony convictions.

*See* ECF No. [28].   On February 28, 1995, the Defendant was convicted of the charge brought

against him following a trial by jury.   ECF No. [40].   Defendant was ultimately held responsible

for possession of 63 grams of cocaine base, as detailed in the Presentence Investigation Report

("PSI").   ECF No. [43].   On June 3, 1996, the Defendant was sentenced to a mandatory life

sentence, with a term of 10 years of supervised release.   ECF No. [49].

On October 6, 2016, President Barack Obama commuted the Defendant's life sentence to

360-months imprisonment, maintaining all other aspects of the Defendant's sentence.   ECF No.

[111].   In the instant Motion, Defendant argues that he is eligible for a sentence reduction under

the First Step Act of 2018 ("First Step Act").   The Government opposes the relief sought. It argues

that the Presidential commutation of the Defendant's original sentence precludes his eligibility for

further reduction under the First Step Act, and that the Defendant's commuted sentenced placed

him at the low end of the amended guidelines. As such, any further reduction is improper.

## II.    THE FIRST STEP ACT

The Fair Sentencing Act of 2010 ("Fair Sentencing Act") was passed to reduce the disparity

in treatment of cocaine base and powder cocaine offenses.   *See Dell v. United States*, 710 F.3d

1267, 1271 (11th Cir. 2013) (acknowledging disparity).   But the Fair Sentencing Act was not

made retroactively applicable until passage of the First Step Act.   The First Step Act was passed

into law on December 21, 2018.   Section 404(b) of the First Step Act expressly permits the Court

to "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act . . . were in effect at

the time the covered offense was committed."   Pub. L. No. 115-391, 132 Stat. 5194.   Thus, the

changes in the statutory penalties under 21 U.S.C. § 841(b)(1)(A) and (B) apply retroactively to a

sentence rendered prior to the effective date of the Fair Sentencing Act—August 3, 2010.   Under

the First Step Act, the authority to reduce a sentence applies only to (1) federal crack cocaine

offenses, (2) committed before August 3, 2010, (3) for which the Fair Sentencing Act modified

the statutory range.

## III.   DISCUSSION

The parties do not dispute that the basic requirements for eligibility under the First Step Act have been met.   Namely, that the Defendant was convicted of a federal crack cocaine offense and was sentenced before August 3, 2010.   The Government's opposition to Defendant's Motion, however, is two-fold.   First, the Government argues that the Defendant is not eligible for relief under the First Step Act because the Defendant's present sentence (360-months imprisonment) is already situated at the low end of the amended guidelines when considering the enhancements that apply.   ECF No. [123], at 4.   Second, the Government argues that because the Defendant has previously received an executive grant of clemency he is not entitled to further reduction of his sentence pursuant to the First Step Act.   *Id.*   The Court will first address the Government's argument relating to the executive grant of clemency.

### a.   *Executive Commutation*

To the extent that the Government argues that the Defendant's receipt of an executive grant of clemency precludes further reduction under the First Step Act, the Court rejects such argument. ECF No. [123], at 4.   Specifically, the Government argues that, by virtue of President Obama commuting the Defendant's sentence from life imprisonment to 360-months, the President imposed a "new sentence."   *Id.*   The crux of the Government's argument is that the Defendant is no longer serving a sentence for an offense for which the statutory penalties were modified by the Fair Sentencing Act, but rather a new sentence imposed by the President.   *Id.*   In support of its argument, the Government cites *United States v. Surratt*, 855 F.3d 218 (4th Cir. 2017).   *Id.*   In *United States v. Surrat*, the Fourth Circuit Court of Appeals dismissed the defendant's petition seeking relief from a mandatory life sentence as *moot* finding that the defendant had already

received relief from his life sentence pursuant to a Presidential commutation. *United States v. Surratt*, 855 F.3d 218 (4th Cir. 2017). Thus, the *Surratt* court found that the relief sought by the defendant was no longer available to him because he was "no longer serving a judicially imposed sentence, but a presidentially commuted one." *Id.* at 227.

In the Supplement filed in support of his Motion, ECF No. [126], the Defendant provided the Court with two cases, from the Middle of District of Florida and the Northern District of Ohio, in which the courts also determined the court's authority to apply the First Step Act to a presidentially commuted sentence. In those cases, the courts came to the opposite result as the court did in *Surrat*. *See United States of America v. Stilling*, Case No. 08-cr-230-T-24SPF, ECF No. [112] (distinguishing *Surratt* and holding that a presidential commutation of the defendant's sentence did not affect the defendant's eligibility for relief under the First Step Act); *see also United States v. Walker*, 2019 WL 1226856 (N.D. Ohio March 15, 2019) (distinguishing *Surratt* and holding that the relief sought by the defendant was not mooted by a presidential commutation of his sentence and "to hold otherwise would penalize defendants for receiving presidential commutations.").

The Court first notes that *Surrat*, a case from the Fourth District Court of Appeals, is not binding on this Court. Further, in reviewing the authority presented by the parties, the Court agrees that the executive commutation received by the Defendant shortened an existing sentence and did not imposed a "new" sentence as the Government suggests. Thus, the Court disagrees with the Government that because the Defendant has received a presidential commutation he is precluded from receiving further reduction under the First Step Act. The Court joins its sister district and the Middle District of Ohio in finding that an executive act of clemency reducing a defendant's sentence, therefore, has no effect on the Defendant's eligibility to receive further

reduction under the First Step Act.

### b. *Recalculated Guidelines*

In its Opposition to the Defendant's Motion, the Government also argues that the Defendant is not eligible for relief under the First Step Act because when considering the recalculated guidelines, the Defendant's current sentence falls at the low end of the guideline range.   The Government claims that the Defendant's current guideline range would be 360 months to life imprisonment.  *Id.* at 2.  In calculating this range, the Government maintains that it is appropriate for the Court to rely on the amount of cocaine base that the Defendant was *ultimately* held responsible for in the PSI, which indicated a "total drug weight of 63 grams of cocaine base." *Id.*  The Government argues that such weight would carry a mandatory/minimum sentencing period of five years to forty years imprisonment.  *Id.*   However, because the Government has also filed a sentencing enhancement, the statutory guidelines are driven up to 10-years to life imprisonment.  *Id.*   The Government argues that given the Defendant's status as a criminal offender, his total offense level would be a 37 with a criminal history of VI, and he would be subject to a statutory range of 360 months to life imprisonment.  *Id.* at 3.

In the Filing in Support of the Defendant's Motion, ECF No. [125], the Defendant argues that the Court should not utilize the amount of cocaine base in the PSI, but rather the amount reflected in the Indictment.  ECF No. [125], at n.2.  Because the Indictment solely charged the Defendant with a detectable amount of cocaine-base, the Defendant contends he is only subject to a maximum term of imprisonment of 30 years.  *Id.* at 2.  Therefore, the Defendant argues that based upon a statutory maximum of 30 years imprisonment, the Defendant's guidelines as a career offender would be a total offense level of 34 with a criminal history of VI and the sentencing guideline range of 262 to 327 months imprisonment would apply.  *Id.*

For the purposes of recalculating the amended guidelines under the First Step Act, the issue of whether the amount reflected in the charging document or the amount the defendant was ultimately held responsible for is presently the subject of an appeal the Government filed pending before the Eleventh Circuit Court of Appeals in *United States of America v. Davis*, Case No. 19-11311 ("*Davis* Appeal").   To conserve the parties' and judicial resources, the better course is to delay ruling on the instant Motion until the *Davis* Appeal is decided.   *Lozman v. City of Riviera Beach*, No. 08- 80134-CIV, 2011 WL 13107422, at *4 (S.D. Fla. May 4, 2011) (noting that in the "interest of judicial economy" courts may "order a stay of [a] proceeding pending the outcome of [an] appeal." (alterations added)).   The Court, therefore, determines that a stay in this case is warranted pending the resolution of the *Davis* Appeal.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Defendant's Request for the Appointment of Counsel is **GRANTED.** The Office of the Public Defender is appointed to represent the Defendant.

2. The Motion for Modification of Sentence, **ECF No. [118]**, is **TERMED**, and the above-styled case is **STAYED** pending the resolution of the *Davis* Appeal.

3. The parties are directed to file status update **within fourteen days** of the issuance of the Eleventh Circuit's ruling in the *Davis* Appeal.

**DONE AND ORDERED** in Miami, Florida, on June 6, 2019.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record